**LANE, Ltd., Plaintiff,**

v.

**LARUS & BROTHER COMPANY,**
**Incorporated, Defendant.**

United States District Court
S. D. New York.

Nov. 28, 1955.

**300**

De Witt, Van Aken & Nast, Thomas A. Diskin, New York City, for defendant. Moncure & Cabell, Richmond, Va., of counsel.

Nathan A. Markowitz, New York City, for plaintiff.

SUGARMAN, District Judge.

Defendant moves for an order (1) quashing the service of process attempted to be made upon it by service upon an employee of Premium Service Company, Inc. (Premium), its purported agent for doing business in this district and (2) dismissing the complaint.

■ 1. In order for the purported service upon Premium as "an officer, a managing or general agent, or * * * any other agent authorized by appointment or by law to receive service of process * * *"[1] to be valid, it must appear that defendant's minimum contacts within this forum must have been systematic and continuous and of a nature that fair play and substantial justice require defendant to defend the particular suit brought here.[2] By that test the papers adequately establish that defendant systematically and continuously represents to the buyers of its Holiday cigarettes, by coupons attached thereto and premium catalogues distributed, that it maintains, under its name, a premium redemption department in this district. Despite such representation it appears that the premium redemption service is independently operated by Premium Service Company, Inc., where, in addi-

tion to defendant's coupons, those of many other nationally known firms are redeemed.

■ Were this a suit arising out of that activity, the challenged service would be valid.[3] But, it is not. It is an action characterized by plaintiff in its answering affidavit to be one "to recover damages caused by defendant's breach of a duty implied in law in failing, in good faith, to perform an agreement between plaintiff and defendant whereby defendant was given a five year exclusive license to manufacture Lords Cigarettes and Lords Smoking tobacco, with an option to purchase the brands for $500,-000.00." Thus, the injury claimed, if existent is not connected with the premium redemption activities of the defendant.[4] In the light of the relief sought by this suit the defendant's arrangement with Premium does not constitute the doing of business by the defendant within this district sufficient to satisfy the statute.[5]

The motion to quash the attempted service upon defendant by delivery of the summons and complaint to Premium is granted.

■ 2. The complaint, however, will not be dismissed. The conflicting affidavits before the court are insufficient to determine thereon the issue of fact whether the defendant is otherwise doing business of a nature to which this particular suit may reasonably be connected in this judicial district[6] through one J. C. Smith. Plaintiff can explore the true relationship of the defendant and its said alleged agent by way of deposition,[7] or it can test defendant's amenability to the jurisdiction of this court by attempting service upon defendant by delivery of the summons and complaint to J. C. Smith.

1. F.R.Civ.P. 4(d) (3), 28 U.S.C.A.

2. Consolidated Cosmetics v. D-A Pub. Co., Inc., 7 Cir., 186 F.2d 906.

3. Consolidated Cosmetics v. D-A Pub. Co., Inc., supra note 2.

4. Polizzi v. Cowles Magazines, Inc., 5 Cir., 197 F.2d 74 (dissent at 77 setting forth the elements of the rule).

5. 28 U.S.C.A. § 1391(c).

6. 28 U.S.C.A. § 1391(c).

7. 4 Moore's Fed.Prac., 2d Ed., para. 26.16, p. 1067 and 26.09, p. 1046

Accordingly, the motion to dismiss the complaint is denied without prejudice to a renewal thereof after plaintiff shall have had a reasonable opportunity to take the indicated further appropriate action herein.

It is so ordered.